UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT WASHINGTON,

    Plaintiff,
v.                                    Case No. 8:08-cv-2023-T-33MAP

SCHOOL BOARD OF HILLSBOROUGH
COUNTY,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant School Board of Hillsborough County's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss" Doc. # 32). Plaintiff Gilbert Washington filed a Response in Opposition to the Motion to Dismiss (Doc. # 33). For the reasons that follow, the Court grants the Motion to Dismiss in part.

**I.**   **Background**

On October 10, 2008, *pro se* Plaintiff filed a five count complaint against the School Board of Hillsborough County alleging (1) disparate treatment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and race discrimination; (2) retaliation under the ADEA and race discrimination; (3) disparate treatment under the Florida

1

Civil Rights Act; (4) retaliation under the Florida Civil Rights Act; and (5) common law fraud. (Case number 8:08-cv-2023-T-33MAP, Doc. # 1). The complaint allegations pertained to the employment relationship between the parties.

On October 10, 2008, Washington sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Case number 8:08-cv-2023-T-33MAP, Doc. # 2). On October 30, 2008, the Court entered an order denying Washington's request to proceed *in forma pauperis* as follows: "Plaintiff has filed an incoherent complaint against the School Board . . . . Given Plaintiff's vague allegations, the Court cannot determine whether it has jurisdiction or if the action is frivolous or malicious." (Case number 8:08-cv-2023-T-33MAP, Doc. # 4 at 1).

The Court granted Washington leave to amend his complaint, but warned that such amended complaint must include (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (3) a specific demand for the relief Plaintiff seeks. (Case number 8:08-cv-2023-T-33MAP, Doc. # 4 at 2).

Washington filed an amended complaint on November 14, 2008, and a second motion for leave to proceed *in forma*

*pauperis* on January 26, 2009. (Case number 8:08-cv-2023-T-33MAP, Doc. ## 8, 13). On March 26, 2009, the Court, once again, denied Washington's motion for leave to proceed *in forma pauperis* and mandated that he file an amended complaint. (Case number 8:08-cv-2023-T-33MAP, Doc. # 15).

On May 4, 2009, Washington filed a third amended complaint against the School Board, and on May 18, 2009, the Court granted Washington leave to proceed *in forma pauperis*. (Case number 8:08-cv-2023-T-33MAP, Doc. ## 19, 22). The third amended complaint is not divided into counts, and it references a number of state and federal laws, including, but not limited to, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, the ADEA, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fifth and Fourteenth Amendments to the United States Constitution, the Florida Civil Rights Act, and Florida common law. (Case number 8:08-cv-2023-T-33MAP, Doc. # 19).

Washington's third amended complaint contains the following central allegations:

> The Plaintiff is a Black/African American citizen age 50, who was hired at age 47 by Defendant School Board of Hillsborough County to teach a Reading position on July 2006-2007 school year at Jennings Middle School . . . . On August 9, 2006, the Plaintiff was subjected to differential terms and conditions to his employment after being hired at

3

> Jennings Middle School . . . . The defendant
> showed prejudice and differential terms toward the
> Plaintiff due to his race being Black/African
> America, sex being male, and age 47 at the time he
> was hired. His employment package material was not
> processed though it was known that the Principal
> Joann Johnson had hired him for the position White
> employees with a similar situation were cleared and
> processed for their positions. The Defendant knew
> the Plaintiff was hired in a "contractual" position
> for the pay rate of a beginning teacher and wanted
> to instead to deferred him to a minimal substitute
> teacher's pay rate when they knew he was qualified
> to teach out field and be placed in an alternative
> program for his "statement of eligibility" in
> Business Administration.

(Case number 8:08-cv-2023-T-33MAP, Doc. # 19 at ¶¶ 4-7).

In addition, Washington alleges, "The Defendant cleared several white teachers who were hired between the age of 40-50 and beginning white teachers who had less training and experience between ages 21-39 years." (Case number 8:08-cv-2023-T-33MAP, Doc. # 19 at ¶ 11). Further, Washington alleges:

> The Plaintiff's name was removed from the personnel
> system when he was injured at Ferrell Middle School
> and Youth Services-Riverside Academy on July 25,
> 2007, when he was physically attacked and assaulted
> in the work place. The Defendant insurance
> carrier's doctor informed the Personnel Unit the
> Plaintiff needed to be placed in a less hostile
> environment. The Defendant refused to place the
> Plaintiff in a less hostile work environment and
> placed him on a leave of absence per employer.

(Case number 8:08-cv-2023-T-33MAP, Doc. # 19 at ¶ 15). Washington seeks "$300,000 for back pay, benefits, general,

compensatory and punitive damages." (Case number 8:08-cv-2023-T-33MAP, Doc. # 19 at ¶ 1).

At the same time that Washington was litigating his case against the School Board under case number 8:08-cv-2023-T-33MAP, he was also litigating a similar case against the School Board under case 8:08-cv-2042-T-33MAP.

As in case number 8:08-cv-2023-T-33MAP, Washington filed successive complaints and motions for leave to proceed *in forma pauperis* in his related case of 8:08-cv-2042-T-33MAP.(Doc. ## 1, 2, 4, 5, 6, 12). In Case number 8:08-cv-2042-T-33MAP, the operative complaint was filed on March 9, 2009. (Doc. # 12). There, Washington asserts that the School Board violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Title VII in connection with Washington's employment as teacher. (8:08-cv-2042-T-33MAP, Doc. # 12 at ¶ 2).

In case 8:08-cv-2042-T-33MAP, Washington contends that "Defendant removed him from his employment due to physical and mental limitation when they know the plaintiff had injuries prior to his hired, and he qualified to work as a Reading Teacher at Jennings Middle School." (Doc. # 12 at ¶ 4). Concerning his ADA allegations, Washington alleges that he "has received medical and mental health services at various

5

points in life. . . . The Plaintiff has physical limitation of sitting, walking, lifting or standing for a long period of time, which has an effect on his motion range inside the classroom" (8:08-cv-2042-T-33MAP, Doc. # 12 at ¶¶ 5, 6).[1]

On May 11, 2009, Defendant filed the Motion to Dismiss the operative complaint in case 8:08-cv-2042-T-33MAP. Washington filed a response in opposition to the Motion to Dismiss.

Thereafter, on August 3, 2009, Defendant filed an unopposed motion to consolidate cases 8:08-cv-2023-T-33MAP and 8:08-cv-2042-T-33MAP, which this Court granted. (8:08-cv-2023-T-33MAP, Doc. ## 29, 32). Now that the cases have been consolidated, Plaintiff's ADA, ADEA, Title VII, Equal Pay Act, Constitutional, and state law allegations are all pending in one action, under the lead case of 8:08-cv-2023-T-33MAP. The Motion to Dismiss was filed in case 8:08-cv-2042-T-33MAP prior to the consolidation of the two cases, therefore, it is aimed at dismissing only those claims asserted in case 8:08-cv-2042-

---

[1] Plaintiff also alleges, "the defendant known he had a prior disabilities to head, neck, back and had surgeries to cervical spine and lumbar spine C4-C5 and L5-L6, but continuously deferred him from permanent employment for years although he is qualified to teach due to his education and experience in the classroom as beginning teacher and teaching in several long vacancies for the defendant." (8:08-cv-2042-T-33MAP, Doc. # 12 at ¶ 12).

T-33MAP: the ADA claims and the Title VII claims.

For the reasons that follow, the Court grants the Motion to Dismiss only to the extent that it dismisses Plaintiff's ADA claims.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."

Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. **Analysis**

The Court will evaluate Plaintiff's allegations that Defendant violated Titles I, II, and V of the ADA in this Order. While Defendant also moved to dismiss Plaintiff's Title VII allegations in the Motion to Dismiss, the Court will not address those allegations here. Defendant's Motion to Dismiss is incomplete in that it does not address Plaintiff's Title VII allegations contained in case number 8:08-cv-2023-T-33MAP. In the instance that Defendant seeks dismissal of the remaining claims (including, but not limited to, the Title VII claims) Defendant should file a supplemental motion to dismiss.

#### A. **Title I of the ADA**

Title I of the ADA prohibits covered entities from discriminating against a qualified individual on the basis of a disability with respect to application procedures, hiring, promotions, termination, compensation, training, or other terms, conditions, or privileges of employment. 42 U.S.C. § 12112(a). To establish a *prima facie* case of discrimination under Title I of the ADA, a plaintiff must show (1) that he is disabled; (2) that he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his

8

disability. See Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255-56 (11th Cir. 2007).[2]

The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Defendant argues that Washington failed to plead a *prima facie* case of discrimination. The Court agrees. Plaintiff's contentions concerning his alleged disability follow:

> Defendant removed him from his employment due to physical and mental limitation when they know the plaintiff had injuries prior to his hired, and he qualified to work as a Reading Teacher at Jennings Middle School. . . .[Plaintiff] has received medical and mental health services at various points in life. . . . The Plaintiff has physical limitation of sitting, walking, lifting or standing for a long period of time, which has an effect on his motion range inside the classroom.

(8:08-cv-2042-T-33MAP, Doc. # 12 at ¶¶ 4-6). Washington further alleges, "the defendant known he had a prior disabilities to head, neck, back and had surgeries to cervical spine and lumbar spine C4-C5 and L5-L6, but continuously

---

[2] The ADA Amendments Act of 2008 ("ADAA") went into effect on January 1, 2009. The factual allegations of the complaint predate the enactment of the ADAA, and neither party has argued that the ADAA should be applied retroactively to this case.

deferred him from permanent employment for years although he is qualified to teach due to his education and experience in the classroom as beginning teacher and teaching in several long vacancies for the defendant." (8:08-cv-2042-T-33MAP, Doc. # 12 at ¶ 12).

Although Washington references having a "disability," his complaint allegations are devoid of references to an impairment that substantially limits a major life activity. Plaintiff's vague allegation of head, neck, and back problems and prior surgeries are insufficient. See Scott v. Fla. Dep't of Educ., 3:08-cv-228-J-32MCR, 2008 U.S. Dist. LEXIS 55797 at *7 (M.D. Fla. May 9, 2008)("In order to properly allege a disability under this statute, Plaintiff must set forth enough facts to support an inference that Plaintiff has a disability under the ADA; [Plaintiff] must plead more than mere conclus[ions]").

Washington's allegations are no more than conclusions. Washington's allegations concerning head, neck, and back problems do not suffice to support the assertion that Plaintiff is disabled. In addition, he makes no mention of a major life activity. In his two-page response to the Motion to Dismiss, Washington contends, "Plaintiff specifically pleaded that he (1) is disabled, (2) he is a qualified

10

individual able to perform the essential functions of the positions, with or without reasonable accommodations, and (3) the defendant unlawfully discriminated against him because of his disability." (Doc. # 33 at 1).

Washington's complaint and response in opposition to the Motion to Dismiss are rife with legal conclusions masquerading as facts. The Court finds that Plaintiff has not sufficiently alleged that he has a disability.

Even assuming, *arguendo,* that Washington has a disability as that term is defined in the ADA, he has not provided any plausible connection between his conditions and the Defendant's employment actions. As argued by Defendant, Plaintiff "has not shown that his condition played any role in the Defendant's decision to defer his employment from permanent to substitute, to remove him from Ferrell Middle School, to refuse to transfer him out of Youth Services Riverside Academy Juvenile Facility, to deny him continued employment, or to prevent Principal Joan Johnson from hiring him in August of 2006." (8:08-cv-2023-T-33MAP, Doc. # 32 at 7).

Washington's complaint allegation that "Defendant removed him from his employment due to physical and mental limitation when they known the plaintiff had injuries prior to his hired,

and he qualified to work as a Reading Teacher at Jennings Middle School" (8:08-cv-2042-T-33MAP, Doc. # 12 at ¶ 4) is a conclusional statement that does not satisfy the requirements of Twombly, 550 U.S. at 555. The Court has construed Plaintiff's *pro se* complaint liberally as required by the Eleventh Circuit; however, this Court is not "bound to accept as true a legal conclusion couched as a factual allegation," regardless of Plaintiff's *pro se* status. Papasan, 478 U.S. at 286.[3] Thus, the Court dismisses Plaintiff's claim that Defendant violated Title I of the ADA.

**B.   Title II of the ADA**

Plaintiff's *pro se* complaint also includes allegations which, broadly construed, implicate Title II of the ADA. Title II of the ADA bars a public entity from excluding a qualified individual with a disability from participating in or denying the individual the benefits of the public entity's services, programs, or activities. 42 U.S.C. 12132. Regulations issued pursuant to the ADA state that "no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unuseable by

---

[3] It is well settled that "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.149.

To state claim under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity; and (3) his treatment was based on his disability. Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001).

Title II defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications . . . or the provision of auxiliary aids and services, meets the essential requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

This Court has already determined that Plaintiff has not sufficiently alleged that he is disabled under the ADA. However, even if Plaintiff's complaint allegations established that he had an ADA disability, Plaintiff has not pled allegations which bring him into the realm of a Title II case.

The Court has scoured Plaintiff's complaint allegations and finds no allegations which align this case with Title II of the ADA. No further analysis is required; Plaintiff has not pled a *prima facie* case for a Title II claim.

### C. Title V of the ADA

Finally, Washington claims that Defendant violated Title V of the ADA. Title V is the ADA's anti-retaliation provision, and it states, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Title V further prohibits coercion, intimidation, threats, or interference with an individual's exercise of his rights under the ADA. 42 U.S.C. § 12203(b).

To state a claim under Title V of the ADA, a plaintiff must allege: (1) he engaged in statutorily protected expression; (2) he was subjected to an adverse employment action subsequent to the protected expression; and (3) a causal connection exists between the protected expression and the adverse action. Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1287 (11th Cir. 1997).

Washington makes no mention of engaging in protected activity under the ADA. As asserted by Defendant, Washington "has not alleged that he made any complaints or otherwise opposed any acts or practices made unlawful by the ADA to any employee, officer, or agent of Defendant." (Doc. # 32 at 9). There are simply no retaliation allegations, that this Court can glean from a close reading of the operative complaints, in this case.

Upon due consideration, the Court dismisses Washington's ADA allegations without leave to amend. "Leave to amend a complaint is futile when the complaint as amended could still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007).[4] In Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000), the court held, "A district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect. Leave to amend, however, need not be granted where amendment would be futile." In this case,

---

[4] It should be noted that Washington has not, at this time, filed a motion for leave to file a fourth amended complaint.

15

Washington has been given many opportunities to file a proper ADA complaint in multiple cases against Defendant.[5]  Upon consideration, the Court determines that further amendment would be futile.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant School Board of Hillsborough County's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 32) is **GRANTED** to the extent that Plaintiff's ADA claims are dismissed without leave to amend.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of November, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[5] Plaintiff initiated his ADA case, case 8:08-cv-2042-T-33MAP, on October 14, 2008. (Doc. # 1).  He amended the complaint first on December 29, 2008(Doc. # 5), and then on March 9, 2009 (Doc. # 12).  Plaintiff also filed three complaints in the lead case of 8:08-cv-2023-T-33MAP.

16