UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT WASHINGTON,

    Plaintiff,

v.   CASE NO. 8:08-CV-2023-T-33MAP

SCHOOL BOARD OF
HILLSBOROUGH COUNTY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 102). Initially, the Court granted Plaintiff's motion to proceed *in forma pauperis* in the district-court action (doc. 22). Pursuant to 28 U.S.C. § 1915, Plaintiff now seeks to appeal the order granting Defendant's motion for summary judgment, amongst other things. *See* docs. 97, 101. Section 1915(a)(1) provides that any court of the United States may authorize the commencement of an appeal without prepayment of fees or security by a person who submits an affidavit that includes a statement that the person is unable to pay such fees or give security therefor. Where a court permits a party to proceed *in forma pauperis* in the district-court action, the party may proceed on appeal without further authorization, *unless* a statute provides otherwise or the district court certifies that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3). Indeed, a party may not appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

For the reasons stated in the district judge's order granting summary judgment (doc. 97), Plaintiff's appeal is not taken in good faith and his motion to proceed *in forma pauperis* on appeal

should be denied. The Eleventh Circuit has suggested that pursuit of a frivolous complaint establishes that a claim is not being pursued in good faith. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *In re Arnold*, 166 Fed. App'x 424 (11th Cir. 2006). The court judges "good faith" within the meaning of §1915 by an objective, not a subjective standard, and a party can demonstrate good faith when it seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x. 858, 859-60 (11th Cir. 2008) (*per curiam*) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, "arguable" means capable of being convincingly argued. *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). Here, Plaintiff failed to establish a *prima facie* case of race, gender, or age discrimination and further failed to establish the elements of any of his other purported claims. As the order granting Defendant's motion for summary judgment indicates, none of Plaintiff's claims possess an arguable basis in law or in fact. *See* doc. 97. After consideration, the undersigned cannot find a legitimate, non-frivolous issue to be presented on appeal and, therefore, Plaintiff should not be allowed to proceed on appeal *in forma pauperis*. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 102) be DENIED.

2. The Clerk certify the appeal is not taken in good faith and notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

IT IS SO REPORTED in Tampa, Florida on August 17, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc: The Honorable Virginia M. Hernandez Covington
  Counsel of Record
  Plaintiff, *pro se*