UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

GILBERT WASHINGTON,

    Plaintiff,

vs.        Case No. 8:08-cv-2023-T-33MAP

SCHOOL BOARD OF HILLSBOROUGH
COUNTY,

    Defendant.
_____/

## ORDER

  This cause comes before the Court pursuant to Plaintiff's Motion to Vacate Order Granting Defendant's Motion for Summary Judgment (Doc. # 110), which was filed on September 3, 2010, and Plaintiff's Motion to Quash Court's Order Granting Defendant's Motion for Summary Judgment (Doc. # 111), which was filed on September 7, 2010 (collectively, the "Motions").

  The Court construes Plaintiff's filings as motions for reconsideration of this Court's Order of August 3, 2010 (Doc. # 97), which granted Defendant's Motion for Summary Judgment as to each of Plaintiff's complaint counts.  The Clerk entered a Judgment in Defendant's favor on August 4, 2010. (Doc. # 99).

## Legal Standard

  Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration.  <u>Ludwig v. Liberty Mutual Fire</u>

Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).  The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60.  Id.  Neither of Plaintiff's Motions were filed within 28 days of the Summary Judgment Order, and therefore, both will be decided under Federal Rule of Civil Procedure 60(b).[1]  However, in the interests of fairness, the Court will also conduct a Rule 59(e), Fed.R.Civ.P., analysis.

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial

---

[1] Rule 59(e), Fed.R.Civ.P., states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The three day service extension of Rule 6(e), Fed.R.Civ.P., does not apply to Rule 59(e).  See Albright v. Virtue, 273 F.3d 564, 567 (3d Cir. 2001)("Federal Rule of Civil Procedure 59(e), which permits motions for reconsideration to be filed within ten days of the entry of judgment, cannot be enlarged by Rule 6(e), which permits a three-day extension to the time limit when such a limit begins to run from the date of service of notice.") see also Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1112 (11th Cir. 1993)(applying the same reasoning in construing Rule 59(b)).

resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.  Likewise, Rule 60(b), Fed.R.Civ.P., is available to relieve a party from a final judgment or order for the following reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud . . . misrepresentation, or misconduct by the opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied . . .; or
> (6)  any other reason that justifies relief.

Rule 60(b), Fed.R.Civ.P.

Further, as explained in <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent

dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

In the case of the present Motions, Plaintiff attempts to relitigate issues already decided by the Court in the Order granting Defendant's Motion for Summary Judgment. Plaintiff does not assert that there has been an intervening change in the law, and he presents no new evidence. He attaches various items to his Motions, including past time sheets, the "Substitute Teacher Handbook for Hillsborough County Public Schools," and a December 2, 2009, letter from Michael Winer, Esq. addressed to Plaintiff discussing Plaintiff's workers' compensation claim. These items are not "new evidence" warranting reconsideration of the Court's Summary Judgment Order.

In addition, Plaintiff argues that reconsideration is needed to prevent manifest injustice because recusal of the Undersigned as well as the Magistrate Judge was required. This argument lacks merit because Plaintiff never presented any meritorious argument to the Court concerning recusal. Plaintiff also fails to raise any issues warranting relief under Rule 60, Fed.R.Civ.P. Accordingly, denial of the Motions is appropriate. The Court stands behind its Summary Judgment Order, which disposed of Plaintiff's case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Vacate Order Granting Defendant's Motion for Summary Judgment (Doc. # 110) is **DENIED.**

(2) Plaintiff's Motion to Quash Court's Order Granting Defendant's Motion for Summary Judgment (Doc. # 111) is **DENIED.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>17th</u> day of September 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record